**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.** 1:22-cr-68 |
| Plaintiff, | : | |
| | : | **JUDGE** McFarland |
| v. | : | |
| | : | **I N D I C T M E N T** |
| **MICHAEL ANDERSON,** | : | |
| Defendant. | : | 18 U.S.C. § 2 |
| | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(A) |
| | : | 21 U.S.C. § 841(b)(1)(B) |
| | : | 21 U.S.C. §§ 853(a) and (p) |
| | : | 28 U.S.C. § 2461(c) |
| | : | |
| | : | **NOTICE OF FORFEITURE** |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**(POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE)**

On or about November 7, 2021, in the Southern District of Ohio, defendant **MICHAEL ANDERSON** knowingly and intentionally possessed with the intent to distribute a mixture or substance containing 40 grams or more of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.

**COUNT 2**
**(POSSESSION OF A CONTROLLED SUBSTANCE ANALOGUE WITH INTENT TO DISTRIBUTE)**

On or about November 7, 2021, in the Southern District of Ohio, defendant **MICHAEL ANDERSON** unlawfully, knowingly, and intentionally possessed with the intent to distribute one hundred (100) grams or more of a mixture and substance containing a detectable amount of acetyl fentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(A).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses set forth in Counts 1 or 2 of this Indictment, defendant **MICHAEL ANDERSON** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s).

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant, up to the value of the above forfeitable property.

A TRUE BILL

/S/

GRAND JURY FOREPERSON

**KENNETH L. PARKER**
United States Attorney

**KARL P. KADON**
**Assistant United States Attorney**
**Chief, Criminal Division**
**Southern District of Ohio**

2